UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DIONNY L. REYNOLDS,

      **Plaintiff,**

v.                                               Case No. 24-CV-187

BUREAU OF HEALTH SERVICES,
ASHLEY HASELEU, and
TONYA WESNER,

      **Defendants.**

---

## ORDER

---

    Plaintiff Dionny L. Reynolds, who is confined at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Reynolds also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.)

    The court has jurisdiction to resolve Reynolds's motion and screen the complaint in light of his consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Reynolds was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On February 12, 2024, Reynolds filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) That same day the court ordered that Reynolds pay $24.51 as an initial partial filing fee by March 4, 2024. (ECF No. 5.) Reynolds paid the fee on February 26, 2024. The court will grant Reynolds's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

**SCREENING OF THE COMPLAINT**

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Reynolds's Allegations*

Reynolds alleges that beginning some time in 2022 the "Bureau of Health Services" failed to address his back pain. (ECF No. 1 at 2.) Despite numerous attempts, Reynolds cannot secure appointments, get a diagnosis, or see an offsite specialist. (*Id.*) He states that, "under Supervisor Haseleu, the plaintiff's medical condition is not being taken seriously and therefore ignored by HSU staff at Waupun." (*Id.* at 3.)

*Analysis*

Reynolds claims that his constitutional rights were violated. While Reynolds potentially states an Eighth Amendment claim for deliberate indifference to his medical needs, the "Bureau of Health Services" or the Health Services Unit cannot be a defendant on its own. Section 1983 allows a plaintiff to sue a "person" who, acting under the color of law, violates his constitutional rights. The Bureau of Health Services or the Health Services Unit is not a person.

Reynolds's allegations also are too vague to give the defendants proper notice of the nature of his claim. While Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff give only "a short and plaint statement of the claim," and "specific facts are not necessary," the allegations still have to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 55 (internal citations omitted)).

Reynolds fails to explain which individuals are responsible for which constitutional violations. Liability does not attach unless the individual defendant

4

caused or participated in a constitutional violation." *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). Because §1983 makes public employees liable "for their own misdeeds but not for anyone else's," *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009), a plaintiff must specifically allege what each individual defendant did (or did not do) to violate his constitutional rights.

Because the Seventh Circuit Court of Appeals has emphasized that the district court generally must afford a plaintiff at least one opportunity to amend his complaint, *see Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022), Reynolds may file an amended complaint by **April 9, 2024.** In his amended complaint Reynolds should identify the person or persons who refused to properly treat his back pain and include details, such as the dates when they failed to treat him and what they did or did not do. If he does not know the name of the individuals responsible, he may use a John or Jane Doe placeholder. If his case survives screening, he will get an opportunity to use discovery to uncover their real names.

Reynolds is advised that an amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the court will screen it as required by 28 U.S.C. § 1915A. If an amended complaint is not received, the court will dismiss the action based on Reynolds's failure to state a claim in his original complaint. The court will enclose an amended complaint form along with this

5

decision. Reynolds must use the form. If he needs more space, he may attach up to five additional pages.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Reynolds's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDRED** that on or before **April 9, 2024**, Reynolds may file an amended complaint. If the court does not receive an amended complaint by the deadline, the court will dismiss this action based on the original complaint's failure to state a claim.

**IT IS FURTHER ORDERED** that the agency having custody of Reynolds shall collect from his institution trust account the $314.45 balance of the filing fee by collecting monthly payments from Reynolds's prison trust account in an amount equal to 20% of the preceding month's income credited to Reynolds's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Reynolds is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Reynolds is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>517 E. Wisconsin Avenue, Room 362
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Reynolds is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Reynolds is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Reynolds's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Reynolds may find useful in prosecuting his case.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Dated at Milwaukee, Wisconsin this 21st day of March, 2024.

BY THE COURT

_William E. Duffin_
WILLIAM E. DUFFIN
United States Magistrate Judge